IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **AARON D. ZINN,** | ) | Case No. 18-30066 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION OF THE DEBTOR FOR
AUTHORITY TO USE CASH COLLATERAL PURSUANT TO
SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE**

Aaron D. Zinn, the above-captioned debtor and debtor in possession (the "Debtor"), by this emergency motion (the "Motion"), respectfully requests the entry of an interim order authorizing the use of cash collateral and providing adequate protection for the use thereof, pursuant to sections 105, 361, and 363 under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor respectfully represents and states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

**BACKGROUND**

2. On January 17, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtor continues in

possession of his properties and the management of his businesses as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Upon information and belief, William I. Coddington, Jr. ("Coddington") obtained a charging order (the "Coddington Charging Order") upon the Debtor's economic interests in multiple companies owned by the Debtor, which are LDI Charlotte, LLC; General Energy Holdings, LLC; Dry Erase Designs, LLC; and Control Point Ventures, LLC (collectively, the "Charged Companies"). The Coddington Charging Order was issued to secure the Debtor's payment of a default judgment entered by the Mecklenburg County District Court for $137,118.95 in favor of Coddington.

4. Upon information and belief, Douglas C. Creed and Gail A. Creed (the "Creeds," and collectively with Coddington, the "Judgment Creditors") obtained a charging order (the "Creed Charging Order," and collectively with the Coddington Charging Order, the "Charging Orders") upon the Debtor's economic interests in LDI Charlotte, LLC and Dry Erase Designs, LLC. The Creed Charging Order was issued to secure the Debtor's payment of a judgment for $536,955.70 entered by the Mecklenburg County Superior Court as the result of the Debtor's failure to respond to discovery.

5. Due to the emergency nature of this filing, counsel for the Debtor has not yet had a full opportunity to review all of the documents related to the Charging Orders. At this point, the Debtor relies upon his understanding that the Charging Orders act as properly perfected liens on his economic interests in Charged Companies, and prevent him from receiving any distributions or other payments from the Charged Companies until the Creed and Coddington judgments are paid. The Debtor reserves the right to challenge the perfection of the liens created by the Charging Orders at a later date.

## RELIEF REQUESTED

6. Pursuant to this Motion, the Debtor seeks authority to use cash collateral, on an interim basis, by taking limited distributions of profits generated by the Charged Companies to be spent in accordance with a formal budget (the "Budget"), prepared by the Debtor, which is attached hereto as **Exhibit A**. The Budget assumes the accrual of certain necessary personal and bankruptcy related expenses going forward. Because the amount and timing of all expenses cannot be predicted exactly, the Debtor proposes that he be considered in compliance with the Budget so long as the Debtor does not exceed the Budget by more than 10% per line item (on a cumulative basis).

7. The Debtor requests a preliminary hearing on an emergency basis to approve this interim request pursuant to Bankruptcy Rule 4001(b)(2) and that a final hearing be set at least 14 days after the filing of this motion.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). After notice and a hearing, the Court may approve a debtor's use of cash collateral without the secured creditor's consent, "to the extent necessary to avoid immediate an irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b).

9. In order for a court to authorize the use of cash collateral over a secured party's objection, the secured party's interest in the cash collateral must be adequately protected. In the context of a cash collateral motion, the purpose of adequate protection is to protect the secured lender from a diminution in the value of its collateral during the period in which it is prevented

from foreclosing upon such collateral by the automatic stay. *In re Delta Resources, Inc.*, 54 F.3d 722, 728-30 (11th Cir. 1995).

10. Courts have found a secured creditor adequately protected where either a sufficient equity cushion in the collateral exists to protect the secured creditor, or the level of the secured creditor's collateral is not decreasing over time. *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (secured creditor was adequately protected and debtor was authorized to use cash collateral where level of collateral was not declining); *In re May*, 169 B.R. 462 (Bankr. S.D. Ga. 1994) (equity cushion in property may provide creditor with adequate protection of its interest, sufficient to permit the debtor to use cash collateral).

11. The Judgment Creditors have adequate protection against the diminution in value of their pre-petition collateral. Preliminarily, the use of cash collateral in the ordinary course of business, in and of itself, provides adequate protection in that it preserves the going concern value of the Debtor's business interests and, as a result, the value of the pre-petition collateral. The Debtor is the owner and central manager at the Charged Companies. The Charged Companies have experienced steady to improved growth over the past year. Allowing the Debtor to use the cash collateral in accordance with the budget attached hereto will enable him to continue his efforts to grow and sustain the value of the Charged Companies, thus providing the Judgment Creditors with protection of their interests.

12. Due to the emergency nature of the relief requested, the Debtor is not yet prepared to provide expert evidence as to the valuation of the Debtor's economic interests in the Charged Companies or any potential equity cushion in the Judgment Creditors' collateral, but reserves the right to do so at a subsequent hearing and to seek a determination that the Judgment Creditors are adequately protected on that basis alone. In the interim, the Charged Companies' cash flows and

other financial analyses show that the Judgment Creditors' respective collateral positions will be adequately maintained during the Debtor's use of cash collateral, especially during the short term period covered by the interim order herein requested. Thus, the Debtor submits that his use of cash collateral is proper pursuant to section 363(c)(2) of the Bankruptcy Code.

13. The Debtor will suffer immediate and irreparable harm without the interim relief requested. In the absence of a court order authorizing the use of cash collateral, the Debtor will be unable to meet his living expenses and will be forced to withdraw from the day-to-day management of the Charged Companies immediately in an effort to find replacement personal income. Such a course of action would lead to a quick collapse of the Charged Companies' operations, thereby nullifying the value of the asserted liens created by the Charging Orders in favor of the Judgment Creditors.

14. The value of the Debtor's assets will deteriorate rapidly if the Debtor is not permitted to access cash collateral. As a result, the Debtor's ability to fashion an effective plan to satisfy secured, priority, and other claims will be irreparably impaired.

15. Therefore, the Debtor requests that this Court grant him interim authority to use cash collateral in accordance with the Budget until a further hearing on the Motion can be scheduled pursuant to Bankruptcy Rule 4001. Without such authorization, the Debtor's efforts to reorganize and maximize creditor recoveries will be brought to a halt and the intent and purpose of chapter 11 will be frustrated. A proposed interim order is attached hereto as **Exhibit B**.

## NOTICE

17. Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c)

the Judgment Creditors, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

Dated: Charlotte, North Carolina
       January 23, 2018

                                    **MOON WRIGHT & HOUSTON, PLLC**

                                    */s/ Richard S. Wright*
                                    Richard S. Wright (Bar No. 24622)
                                    Caleb Brown (Bar No. 41131)
                                    121 West Trade Street, Suite 1950
                                    Charlotte, North Carolina 28202
                                    Telephone: (704) 944-6560
                                    *Counsel for the Debtor*