UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 18-30066 |
| AARON D. ZINN, ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**BANKRUPTCY ADMINISTRATOR'S (I) MOTION TO RECONSIDER APPLICATION TO EMPLOY, (II) LIMITED OBJECTION TO FEE APPLICATION, AND (III) REQUEST FOR HEARING**

The Office of the Bankruptcy Administrator for the Western District of North Carolina (the "Bankruptcy Administrator") hereby files this (i) motion to reconsider the *Ex Parte* Application of the Debtor for Authority to Retain and Employ Moon Wright & Houston, PLLC, filed on February 2, 2018 [D.I. 17] and (ii) limited objection to the Interim Application of Moon Wright & Houston, PLLC for Allowance of Compensation and Reimbursement of Expenses for the Period from January 16, 2018 Through January 31, 2018 (the "Application") filed on February 9, 2018 [D.I. 21]. In support of this motion and objection, the Bankruptcy Administrator says as follows:

**BACKGROUND**

I. **Background**

1. On January 17, 2018, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. On February 2, 2018, the Debtor filed is *Ex Parte* Application of the Debtor for Authority to Retain and Employ Moon Wright & Houston, PLLC as Bankruptcy Counsel (the "Employment Application") [D.I. 17] seeking approval of employment of Moon Wright & Houston ("MWH") as counsel to the Debtor pursuant

1

to 11 U.S.C. § 327(a). The Affidavit of Richard S. Wright in Support of Application of Debtor for Authority to Retain and Employ Moon Wright & Houston, PLLC as Bankruptcy Counsel Pursuant to Sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 (the "Wright Affidavit") was attached to the Employment Application.

3. The Wright Affidavit states that the "Debtor paid MWH a pre-petition fee deposit." *See* Wright Affidavit at ¶ 4.

4. On February 5, 2018, this Court entered the *Ex Parte* Order Authorizing the Retention and Employment of Moon Wright & Houston, PLLC as Bankruptcy Counsel (the "Application Order").

5. On February 16, 2018, the Debtor filed his Schedules of Assets and Liabilities and Statement of Financial Affairs (the "SoFAs") [D.I. 23]. This filing includes the Disclosure of Compensation of Attorney for Debtor as required by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure.

6. The SoFAs and Rule 2016(b) disclosures state that the source of the prepetition retainer paid to MWH was Element13, LLC. *See* SoFAs at question 16.

7. On February 22, 2018, Element13, LLC and Roz, LLC filed their Limited Objection of Element13, LLC and Roz, LLC to Emergency Motion of the Debtor for Authority to Use Cash Collateral Pursuant to Section 361 and 363 of the Bankruptcy Code (the "Element13 Objection") [D.I. 28].

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. **Analysis and Argument**

 a. The Court should reconsider MWH's Employment Application to determine whether counsel is disinterested in light of retainer paid by Element13, LLC.

9. The requirements regarding counsel seeking appointment by the estate are found in section 327(a) of the Bankruptcy Code. The requirements are twofold: (i) that the attorney not hold or represent an interest adverse to the estate and (ii) that the attorney be disinterested. The statute's dual requirements of disinterestedness and no adverse interests ensures that counsel is not, directly or indirectly, acting at the direction or influence of any other party. *In re Envirodyne Indus.*, 150 B.R. 1008, 1017 (citing Collier on Bankruptcy ¶ 327.03, 327-22 (L. King ed. 1985)).

10. All facts that may have any bearing on disinterestedness of a professional must be disclosed. The disclosure requirements are found in Bankruptcy Rule 2014, which states in pertinent part:

> The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any other personal employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any other personal employed in the office of the United States trustee.

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

11. While the Wright Affidavit represents that the Debtor paid MWH's retainer, the subsequently filed SoFAs and Rule 2016(b) disclosure reflect that a

3

third party, Element13, LLC, paid the retainer to MWH. Discussions with the Debtor on the record at the section 341 meeting, held on February 21, 2018, confirm that the retainer was paid by wire from Element13, LLC directly to MWH's trust account.

12.  As the court in *Hathaway Ranch Partnership*, 116 B.R. 208 (Bankr. C.D. Cal. 1990) stated, the payment of an attorney by a third party creates a presumption of an actual conflict:

> Third parties do not transfer property to an attorney to represent a debtor in possession unless that representation is in the best interest of the third party. It is often the case that the interests of the third party are not identical to the interests of the debtor in possession in its role as fiduciary of the bankruptcy estate. Thus by accepting payment from a third party, the proposed counsel for the debtor in possession necessarily has a conflict of interest in that counsel is serving two masters--the one who paid counsel and the one counsel is paid to represent. I find that this is an actual conflict of interest that disqualifies a professional from being employed pursuant to 11 U.S.C. § 327 absent a showing that the interests of the third party and the bankruptcy estate are identical upon notice to all creditors, equity security holders and other parties in interest.

*Id.* at 219.

13.  The Bankruptcy Administrator lacks sufficient factual details to fully assess the relationship between the Debtor and Element13, LLC at this time.  The Debtor recently made a demand for turnover of funds held by Element13, LLC, which the Debtor alleges belong to the Debtor or entities owned by the Debtor.  The Element13 Objection refuses to comply with such demand, which suggests that the interests of this entity are not completely aligned with the Debtor and the Debtor's estate.

14.  The Bankruptcy Administrator requests that the Wright Affidavit be amended to correct its misstatement regarding the source of the retainer. The

Bankruptcy Administrator further requests that the Court conduct a hearing to determine whether payment of the retainer by Element13, LLC impinges upon MWH's disinterestedness under the facts of this case.

      b.  <u>If a professional is not disinterested, such professional cannot be compensated pursuant to 11 U.S.C. § 330</u>.

15.    Professionals are compensated pursuant to 11 U.S.C. § 330. "The applicant must follow the strict guidelines of Bankruptcy Rule 2014 in being appointed, and Rule 2016 to receive compensation from the estate." *In re EWC, Inc.*, 138 B.R. 276 (Bankr. W.D. Ok. 1992).

16.    To the extent that MWH is found to not be eligible for employment pursuant to 11 U.S.C. § 327(a) by virtue of the issues outlined above, the Bankruptcy Administrator objects to allowance of the fees requested in the Application.

17.    While the Bankruptcy Administrator sought consent of counsel to extend the deadline to object to the Application to permit a resolution of the above issues relating to the MWH Employment Application, that request was delivered without sufficient time for Debtor's counsel to respond, which has necessitated the filing of this limited objection by the Bankruptcy Administrator.

[remainder of this page intentionally blank]

WHEREFORE, the Bankruptcy Administrator requests the Court enter an order: (a) requiring the filing of a corrected Wright Affidavit, (b) setting a hearing on the Bankruptcy Administrator's motion to reconsider the MWH's Employment Application, (c) suspending payment of attorneys' fees pending resolution of matters relevant to MWH's employment, and (d) granting such other and further relief the Court deems just and proper.

Dated: February 23, 2018.

/s/ Shelley K. Abel
Shelley K. Abel
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669
N.C. Bar No. 34370
Telephone: (704) 350-7587
Email:  shelley_abel@ncwba.uscourts.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the forgoing was served upon those parties registered to receive ECF notifications in the case.

/s/ Shelley K. Abel
Shelley K. Abel
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC  28202-1669
N.C. Bar No. 34370
Telephone:  (704) 350-7587
Email:  shelley_abel@ncwba.uscourts.gov